**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID L. ALLISON,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:11-cv-1574** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **PATROLMAN JAMES MILLER, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM ORDER**

Plaintiff David Allison initiated this action on August 23, 2011.  (Doc. No. 1.)  On

January 23, 2012, Plaintiff's counsel filed a motion to withdraw from this action noting that

Plaintiff had ceased communicating with counsel.  (Doc. No. 12.)  The Court granted the motion

to withdraw.  (Doc. No. 14.)  On February 15, 2012, the Court scheduled a case management

conference for March 7, 2012, and ordered the parties to submit a joint case management plan.

(Doc. No. 17.)  Plaintiff did not participate or attempt to participate in the scheduled case

management conference.  Further, counsel for Defendants indicated that Plaintiff did not

participate the drafting of the joint case management plan.  (Doc. No. 18.)  Accordingly, on

March 12, 2012, the Court ordered Plaintiff to file a letter on the docket no later than March 19,

2012,  indicating why he failed to participate in the preparation of the case management plan and

failed to participate in the case management conference.  (Doc. No. 20.)  The Court admonished

Plaintiff that failure to respond to Court orders may result in his case being dismissed for failure

to prosecute.  (Id.)  Plaintiff has failed to respond to the Court's March 12, 2012 order.

Accordingly, for the reasons stated more fully herein, the Court will dismiss Plaintiff's

complaint for failure to prosecute.

Dismissal is a drastic sanction to be used in cases exhibiting "extreme abuses of

discovery or other procedural rules or for failure to prosecute." Harris v. City of Phila., 47 F.3d 1311, 1330 (3d Cir. 1995) (citing Hoxworth v. Blinder Robinson & Co., Inc., 980 F.2d 912 (3d Cir. 1992)).  The Third Circuit has identified certain factors that the district court must weigh before imposing the "extreme" sanction of dismissal:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Casualty, 747 F.2d 863, 868 (3d. Cir. 1984) (emphasis in original). These factors are not to be applied mechanically, nor must all the factors be satisfied to dismiss a case.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  In determining whether the action should be dismissed, the Court must weigh all six factors in the context of the complete litigation history, as opposed to finding the existence or non-existence of one factor dispositive.

Upon a review of the Poulis factors, and mindful of its obligation to craft a just and properly limited sanction, the Court concludes that dismissal is the proper sanction for Plaintiff's conduct.  First, Plaintiff failed to respond to communications from his counsel.  As a result, counsel withdrew and Plaintiff is proceeding pro se.  Accordingly, Plaintiff's failures to respond are not the fault of a wayward attorney, but rather are his fault.  This factor, therefore, weighs in favor of dismissal.  Second, in the context of a Poulis analysis, prejudice refers to "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (citing Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988)).  As a result of Plaintiff's

actions, the Court has been unable to establish case management deadlines, set discovery limits, or move this case beyond the pleadings.  Accordingly, the Court finds Plaintiff's actions are prejudicing Defendants.  Third, the Court finds that Plaintiff's refusal to communicate with his counsel, opposing parties, and the Court suggests he is acting in a dilatory manner.  In the Court's most recent order he was explicitly warned that failure to respond could result in dismissal for failure to prosecute.  In spite of this admonition, Plaintiff has continued to ignore Court orders.  Fourth, the Court finds Plaintiff's actions were willful.  Plaintiff has provided no explanation for his refusal to respond to any party or the Court over the course of several months.  Fifth, the Court does not believe alternate sanctions will be effective.  The Court has warned Plaintiff that his failure to comply with Court orders could result in dismissal.  If this threat of serious sanction is completely ineffectual, the Court does not believe that responding with a lesser sanction would correct Plaintiff's behavior.  Finally, the Court takes no position on whether Plaintiff's claim has merit.  The Court will assume, arguendo, that the claim has merit.  However, the meritoriousness of Plaintiff's claim does not outweigh the remaining factors, all of which support dismissal.

**ACCORDINGLY**, on this 30th  day of April 2012, **IT IS HEREBY ORDERED THAT** Plaintiff's complaint (Doc. No. 1) is **DISMISSED FOR FAILURE TO PROSECUTE**.  The Clerk of Court is directed to close the case.

     s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania